UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID W. HAMRICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2386-B |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| WEYERHAEUSER COMPANY, and | § | |
| GEORGIA-PACIFIC BUILDING | § | |
| PRODUCTS, LLC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Weyerhaeuser Company ("Weyerhaeuser")'s Motion to Strike Plaintiff David W. Hamrick's Amended Complaint (Doc. 26), Hamrick's Motion for Leave to File a Second Amended Complaint (Doc. 28), Defendant Georgia-Pacific Building Products LLC ("Georgia-Pacific")'s Motion to Strike Hamrick's Sur-Reply (Doc. 30), Weyerhaeuser's Motions to Dismiss (Docs. 4, 19), and Georgia-Pacific's Motion to Dismiss (Doc. 6).

For the following reasons, the Court **GRANTS** Hamrick's Motion for Leave, and **DENIES AS MOOT** Weyerhaeuser's Motion to Strike, Georgia-Pacific's Motion to Strike, Weyerhaeuser's Motions to Dismiss, and Georgia-Pacific's Motion to Dismiss.

This is a personal injury case. Hamrick punctured his hand on a piece of lumber at Lowe's. Doc. 12, Am. Compl., ¶ 3.1. He sued Lowe's and the companies that packaged the lumber, Georgia-Pacific and Weyerhaeuser. *Id.* ¶ 3.3. On September 30, 2024, Georgia-Pacific and Weyerhaeuser each filed a Motion to Dismiss. Doc. 4, Mot.; Doc. 6, Mot. On October 21, 2024, Hamrick filed an Amended Complaint. Doc. 12, Am. Compl. On the same day, Hamrick filed a Response to Georgia-

Pacific's Motion to Dismiss. Doc. 14, Pl.'s Resp. On November 4, 2024, Weyerhaeuser filed a second Motion to Dismiss. Doc. 19, Mot. Then on November 25, 2024, without seeking the Court's leave, Hamrick filed a Second Amended Complaint. Doc. 21, Second Am. Compl. On the same day, also without seeking leave, Hamrick filed a second Response to Georgia-Pacific's Motion to Dismiss. Doc. 24, Pl.'s Second Resp.

Weyerhaeuser then filed a Motion to Strike Hamrick's Second Amended Complaint, Doc. 26, Mot. Strike, and Hamrick subsequently filed a Motion for Leave to file a Second Amended Complaint. Doc. 28, Mot. Leave. Georgia-Pacific then filed a Motion to Strike Hamrick's second Response to Georgia-Pacific's Motion to Dismiss. Doc. 30, Mot. Strike. The Court considers the motions below.

Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598.

The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("Leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

The Court **GRANTS** Hamrick leave to amend. Hamrick's proposed amended complaint asserts a manufacturing defect claim against Weyerhaeuser and Georgia-Pacific and includes more allegations in support of its negligence claims against all three defendants. *See generally* Doc. 28-1, Second Am. Compl. First, Hamrick did not act in bad faith or with dilatory motive by eventually seeking leave to amend. "Courts have found undue delay when a plaintiff knew the facts all along but waited over a year after the first amended complaint to seek leave to amend raising those facts." (internal quotations omitted). *Goff v. Ocean Harbor Casualty Ins. Co.*, No. 24-1935, 2024 WL 5125264, at *2 (E.D. La. Dec. 16, 2024). "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Hamrick filed his Second Amended Complaint just a few weeks after Weyerhaeuser filed its Motion to Dismiss. Doc. 19, Mot. Dismiss, Doc. 21, Am. Compl. He did not act with bad faith or dilatory motive.

Second, granting leave to amend would not cause undue prejudice. Defendants argue that they will be prejudiced if the Court grants leave to amend because they will have to refile motions to dismiss. Doc. 33, Georgia-Pacific Resp., 6. "The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Goff*, 2024 WL 5125264, at *3. Here, the scheduling order has not yet been issued and discovery has not begun. Even though

defendants may incur additional costs in refiling their motions to dismiss, granting leave to amend will not cause undue prejudice as their motions to dismiss will largely remained unchanged by the amended complaint.

Defendants oppose Hamrick's motion, contending that the proposed changes are futile. Doc. 33, Georgia-Pacific Resp., 4; Doc. 35, Weyerhaeuser Resp., 2–8. But this Court has frequently noted:

> the court's almost unvarying practice when futility is raised is to address the merits of the claim ... in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Poly–Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Accordingly, the Court will not deny Hamrick's leave to amend based on futility.

For the foregoing reasons, the Court **GRANTS** Hamrick's Motion for Leave (Doc. 28), **DENIES AS MOOT** Weyerhaeuser's Motion to Strike (Doc. 26), Georgia-Pacific's Motion to Strike (Doc. 30), Weyerhaeuser's Motions to Dismiss (Docs. 4, 19), and Georgia-Pacific's Motion to Dismiss (Doc. 6). Hamrick must file his Second Amended Complaint within 14 days of this Order.

**SO ORDERED**.

**SIGNED: January 24, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE