UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID W. HAMRICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2386-B |
| | § | |
| LOWE'S HOME CENTERS, LLC; | § | |
| WEYERHAEUSER COMPANY; and | § | |
| GEORGIA-PACIFIC BUILDING | § | |
| PRODUCTS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants Weyerhaeuser Company ("Weyerhaeuser")'s Motion to Dismiss (Doc. 42) and Georgia-Pacific Building Products, LLC ("Georgia-Pacific")'s Motion to Dismiss (Doc. 44). For the following reasons, the Court **GRANTS** Weyerhaeuser's Motion to Dismiss. The Court **GRANTS** Georgia-Pacific's Motion to Dismiss for Failure to State a Claim and **DENIES AS MOOT** its Motion to Dismiss for Insufficient Service of Process. All claims against Weyerhaeuser and Georgia-Pacific are **DISMISSED WITH PREJUDICE**.

## I.

## BACKGROUND

This is a personal injury case. Plaintiff David W. Hamrick punctured his hand on a staple that was sticking out of a piece of lumber at Defendant Lowe's Home Centers, LLC ("Lowe's")'s store. Doc. 41, Second Am. Compl., ¶ 3.1. Lowe's told Hamrick that either Weyerhaeuser or Georgia-Pacific manufactured the lumber. *Id.* ¶ 3.2

Hamrick asserts a premises liability claim against Lowe's, a negligence claim against Lowe's, Weyerhaeuser, and Georgia-Pacific, and a manufacturing defect claim against Weyerhaeuser and Georgia-Pacific. *Id.* ¶¶ 4–6. Georgia-Pacific filed a Motion to Dismiss for improper service, or in the alternative, failure to state a claim. Doc. 44, Georgia-Pacific Mot. Weyerhaeuser filed a Motion to Dismiss for failure to state a claim. Doc. 42, Weyerhaeuser Mot. The Court considers the Motions below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

## III.

## ANALYSIS

The Court **GRANTS** both Motions to Dismiss. First, Hamrick failed to state a manufacturing defect claim and negligence claim against Weyerhaeuser and Georgia-Pacific. Accordingly, the Court **DISMISSES** Hamrick's claims against Weyerhaeuser and Georgia-Pacific **WITH PREJUDICE**. Second, the Court finds as moot Georgia-Pacific's Motion for Insufficient Service of Process because Hamrick failed to state a claim against Georgia-Pacific.

A.    *Hamrick Failed to State a Manufacturing Defect Claim.*

A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *iLight Techs. Inc. v. Clutch City Sports & Ent., L.P.*, 414 S.W.3d 842, 846 (Tex. App. 2013). A plaintiff must show there was a manufacturing defect when the product "left the possession" of the defendant. *See id.* Hamrick failed to adequately allege that the lumber reached him without a substantial change in its condition and that it deviated from its planned output.

First, Hamrick failed to allege that the product reached him without a substantial change in its condition from the time it was originally sold. *See id.* Hamrick alleges that the lumber contained manufacturing defects "[a]t the time the lumber was displayed at Lowe's," but he does not allege that the lumber left Weyerhaeuser's or Georgia-Pacific's control with the manufacturing defect. Doc. 41,

Second Am. Compl., ¶ 6.3. Here, Hamrick alleges that the manufacturing defect is a protruding staple. But it is unclear from the Complaint that the staple was introduced during the manufacturing process. For this reason, he has failed to state a manufacturing defect claim.

Second, even if the product reached Hamrick without a substantial change in its condition, Hamrick failed to allege the product contained an unreasonably dangerous manufacturing defect. Texas law does not permit a court to infer a defect based on the mere fact of a product related accident. *Ford Motor Co. v. Ridgeway*, 135 S.W. 3d 598, 602 (Tex. 2004). Here, Hamrick only pleads that the lumber "deviated from the planned output in a dangerous manner that directly caused [Hamrick's] injury." Doc. 41, Second Am. Compl., ¶ 6.6. But Hamrick provides no information on the planned output or how the product deviated from it. Indeed, Hamrick does not even allege the specific product (i.e., the brand or type of lumber) that caused his injuries. Accordingly, the Court **DISMISSES** Hamrick's products liability claim against Weyerhaeuser and Georgia-Pacific.

B.      *Hamrick Failed to State a Negligence Claim.*

Likewise, Hamrick failed to state a negligence claim against Weyerhaeuser and Georgia-Pacific because he merely restated the elements of a negligence claim without providing any factual allegations. "[A] negligence cause of action consists of: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Firestone Steel Prod.s Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996). Hamrick merely asserts a conclusory allegation that Weyerhaeuser and Georgia-Pacific breached their duty "by failing to use reasonable care in producing and supplying the lumber." Doc. 41, Second Am. Compl., ¶ 5.6. He provides no allegations as to how the Defendants breached their duty beyond alleging that there was a staple protruding from the lumber. *Id.* ¶ 5.9. And "threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678. The Court **DISMISSES** Hamrick's negligence claim against Weyerhaeuser and Georgia-Pacific.

C.       *The Court Does Not Grant Leave to Amend.*

The Court **DISMISSES** all claims against Weyerhaeuser and Georgia-Pacific **WITH PREJUDICE**. A plaintiff's failure to plead a claim should not automatically result in dismissal with prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). However, a court may dismiss a claim with prejudice if the pleading defect is incurable or if the plaintiff has had other opportunities to amend his complaint. *Id.* Here, Hamrick already filed his First Amended Complaint after Georgia-Pacific and Weyerhaeuser filed their original motions to dismiss. Doc. 12, Am. Compl. Then without seeking the Court's leave, Hamrick filed a second amended complaint. Doc. 21, Second Am. Compl. The Court ultimately granted leave for Hamrick to file his Second Amended Complaint, so he has already had two opportunities to amend and respond to the arguments that Georgia-Pacific and Weyerhaeuser raised in their original motions to dismiss. Doc. 39, Mem. Op. & Order, 1. Given that Hamrick has had multiple opportunities to amend his complaint and still only alleges threadbare recitals of the causes of action, the Court denies him leave to amend.

D.       *The Court Finds as Moot Georgia-Pacific's Motion for Insufficient Service of Process.*

"As a result of the court's resolution of [Georgia-Pacific's] motion to dismiss or failure to state a claim, the alternative[] motion to dismiss for insufficient . . . service of process [is] moot." *Everett v. Liberty Healthcare Sys., LLC*, No. CIVA 09-0683, 2009 WL 4456290, at *5 (W.D. La. Dec. 1, 2009). *See also Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745–54 (N.D. Tex. 2013) (Lynn, J.) (dismissing without prejudice for insufficient service of process then dismissing all claims without prejudice for failure to state a claim under Rule 12(b)(6)).

IV.

CONCLUSION

The Court **GRANTS** Weyerhaeuser's Motion to Dismiss (Doc. 42) and **DISMISSES** all claims against Weyerhaeuser **WITH PREJUDICE**. The Court **GRANTS** Georgia-Pacific's Motion to Dismiss for Failure to State a Claim and **DENIES AS MOOT** its Motion to Dismiss for Insufficient Service of Process (Doc. 44).

SO ORDERED.

SIGNED: May 7, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE